UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES JACKSON,

    Petitioner,

v.                                        Case No. 6:07-cv-543-Orl-22DAB

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 8), asserting that the instant petition is untimely. Petitioner filed a reply to the response (Doc. No. 12). As discussed below, the Court concludes that additional briefing and evidence are required.

I.    *Procedural History*

Petitioner was charged by information with two counts of aggravated assault upon a law enforcement officer. After a trial, the jury found Petitioner guilty as to one count and not guilty as to the remaining count. The state trial court sentenced Petitioner as a habitual

felony offender to a fifteen-year and one-day term of imprisonment with a three-year minimum mandatory term of incarceration. Petitioner appealed, and the Fifth District Court of Appeal of Florida *per curiam* affirmed on August 24, 2004.

Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief on July 10, 2006.[1] The state trial court denied relief, and Petitioner appealed. The appellate court *per curiam* affirmed on February 20, 2007. Mandate was issued on March 9, 2007.

## II.     *Timeliness of Petition*

Pursuant to 28 U.S.C. § 2244:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

  (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly

---

[1] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

>> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the appellate court entered its order of affirmance on direct appeal on August 24, 2004. Petitioner then had ninety days, or through November 22, 2004, to petition the United States Supreme Court for writ of certiorari. *See* Sup. Ct. R. 13.[2] Thus, under § 2244(d)(1)(A), the judgment of conviction became final on November 22, 2004, and Petitioner had through November 22, 2005, absent any tolling, to file a federal habeas corpus petition. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety-day period for filing a

---

[2]Rule 13 provides as follows:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

petition for certiorari with the United States Supreme Court has expired). Under the mailbox rule, the instant petition was not filed until March 24, 2007. Thus, the petition is untimely unless the limitation period was tolled.[3]

Petitioner asserts that he filed a Florida Rule of Criminal Procedure 3.800(a) Motion to Correct Illegal Sentence on September 7, 2004, which remains pending in the state trial court. *See* Doc. No. 1 at 4. Respondents contend that the Rule 3.800(a) motion was not filed as evidenced by the docket sheet from the Brevard County Clerk of Court which does not reflect the filing of any such motion. In reply to Respondents' response to the petition, Petitioner attached a Rule 3.800(a) motion that contains a stamp on the first page which states, "Provided To Marion Correctional Institution on 9-7-04 J.J. For Mailing," and also has a certificate of service indicating that it was mailed to the state attorney. (Doc. No. 12 at 4-5.)

If the Rule 3.800(a) motion was filed, then the one-year limitation would have been tolled pending the resolution of the motion. Thus, the determinative issue before the Court as to whether the instant petition is timely is whether the Rule 3.800(a) motion was properly filed.

---

[3]The Court is aware that Petitioner filed a Rule 3.850 motion; however, because the one-year period concluded before Petitioner initiated that proceeding, the tolling provision of section 2244(d)(2) does not apply to the state post-conviction proceeding. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Pursuant to the mailbox rule, a document submitted by a prisoner to prison officials to be mailed and filed with the courts is deemed to have been filed on the date it was delivered to prison officials for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). The burden of proof that the document was delivered to prison officials is placed upon prisons. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988). Florida courts apply the mailbox rule to prisoner post-conviction filings, *see Haag v. State*, 591 So. 2d 614 (Fla. 1992), and likewise place the burden of proof upon prison officials. *Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000). The Eleventh Circuit has indicated with respect to a motion filed pursuant to 28 U.S.C. § 2255 that such a motion would be deemed filed on the date it was submitted to prison authorities for mailing, even if it was never received by the district court. *See Gracey v. United States*, 131 Fed. Appx. 180 (11th Cir. 2005) (citing *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001)).

In *Huizar*, the court stated:

> A prisoner who delivers a document to prison authorities gets the benefit of the prison mailbox rule, so long as he diligently follows up once he has failed to receive a disposition from the court after a reasonable period of time.

273 F.3d at 1223 (footnote omitted). The Eleventh Circuit rejected the due diligence showing required by the *Huizar* Court in *Allen v. Culliver*, 471 F.3d 1196, 1198 (11th Cir. 2006). The *Allen* Court, however, stated that to determine whether a document was delivered to prison authorities:

> The district court may take into account any and all relevant circumstances, including any lack of diligence on the part of

5

> [the prisoner] in following up in a manner that would be expected of a reasonable person in his circumstances, in deciding whether the notice was delivered to prison authorities.

471 F.3d at 1198.

Based on these cases, it appears that Florida's mailbox rule establishes that Petitioner's Rule 3.800(a) motion was "properly filed" for purposes of § 2244(d)(2) if the motion was delivered to prison officials for mailing. If the motion was delivered for mailing, then it will be deemed "properly filed" even if it was never received by the state court. In light of these conclusions, the Court finds that Respondents shall be provided an opportunity to submit additional evidence under oath or penalty of perjury as to whether the Rule 3.800(a) was properly filed under state law.

Accordingly, it is hereby **ORDERED** as follows:

1. Within **THIRTY (30) DAYS** from the date of this Order, Respondent shall file an affidavit or affidavits under oath or under penalty of perjury in compliance with 28 U.S.C. § 1746, accompanied by relevant documentary evidence, as to the factual issues raised herein. The evidence may include prison mail logs and postage logs. Failure to provide such evidence within this time will result in a finding that the instant petition was timely filed.

2. If Respondents intend to concede that the instant petition was timely filed or cannot provide such evidence as required in paragraph one, within **THIRTY (30) DAYS** from the date of this Order, they shall file a supplemental response addressing the merits

of Petitioner's claims in compliance with the Court's April 25, 2007, Order.  In the event a supplemental response is filed, Petitioner will be provided an opportunity to file a reply.

**DONE AND ORDERED** at Orlando, Florida, this 1st day of August, 2008.

ANNE C. CONWAY
United States District Judge

Copies to:
sc 8/1
James Jackson
Counsel of Record